### AMOS STAYTON *vs.* MATILDA MORRIS.

A purchaser of land at sheriff's sale is entitled to rent from the day of sale.

If the land be in possession of a *tenant,* the purchaser has remedy by *distress* or attachment.

But not so against any other than a person occupying by actual demise.

He may recover from any occupant a reasonable compensation in the action for use and occupation.

THIS was an issue directed under section nine, of the " Act concerning landlords and tenants," (*Dig.* 365,) to ascertain whether there was a just demand of rent, and the amount thereof.

" Section 9. When there shall be sufficient ground to believe, that a tenant intends to remove his effects from the county, where the demised premises are, before the rent will become due, so as to defeat a distress for said rent, the landlord or any credible person for him may, before the prothonotary of the Superior Court in said county, or any person officiating for him, make oath or affirmation, stating the rent and when it will be due, and that he does on good grounds believe, that the tenant intends to remove his effects from said county, and will remove the same before the said rent will be due ; and thereupon a writ of attachment shall be issued," &c.  " If the tenant deny the demand of rent, the court, whether he have given bond as aforesaid or not, shall direct an issue to be tried by a jury at the bar of said court, for ascertaining whether there be a just demand of rent, and the amount thereof, and the verdict upon such issue, unless set aside by the court, shall be conclusive."

The plaintiff claiming to be the landlord of the defendant, who occupied a certain farm purchased by him, caused a writ of attachment to be issued under the above provision, having made affidavit that the defendant is and ever since January 1, 1844, has been in the occupation of certain land in N. W. Fork hundred, to wit: fifty acres more or less, as tenant at the yearly rent of eighty dollars ; which will be due and payable January 1, 1845, and deponent does on good grounds believe that said Matilda intends to remove her effects from the county, before the rent will become due, so as to defeat a distress for said rent.

At the return of the writ, the defendant entered a denial of the demand of rent ; whereupon the court directed this issue.

It appeared in evidence that the land for which rent was claimed was the property of the late Constantine Morris, who was the defendant's husband.   It was sold by the sheriff on judgment and exe-

cution, March 7, 1844, to Jacob Charles, and conveyed by deed dated April 26, 1844. Charles conveyed it on the 18th of July, 1844, to Amos Stayton, the plaintiff. Mrs. Morris occupied the farm in 1844, and the rent claimed was from March of that year to January, 1845. The defendant was the widow of Constantine Morris. She refused to pay any rent to Stayton; said she did not rent the farm of him, and would not pay rent unless compelled by law. At another time she said to Stayton that she had put his rent corn in a shed, on the south side, and he might take it when he pleased. He doubted whether it was enough. She said she had divided it fairly, and told him he had got his share of the brandy. He admitted that he had got some brandy, but alleged that it was not his full share. To another witness the defendant said, in December, 1844, that she was beating out corn and would pay Stayton his rent at new-year's day, but not before; but she also denied that she ever rented of him. The plaintiff's claim on all these occasions was for a share of the produce; one-third of the wheat, corn, brandy, &c.

The plaintiff's affidavit made at the time of issuing the attachment was offered in evidence by the defendant and admitted without objection. He swore to a *certain* rent.

The case was argued by *Mr. Cullen,* for plaintiff, and *Mr. Layton,* for the defendant.

*Cullen.*—Under a sale by sheriff, the purchaser becomes the landlord, and the person in possession becomes his tenant. (9 *Cowen's Rep.* 691.) Charles then became landlord, and Matilda Morris, tenant. If Amos Stayton could recover rent in an action for use and occupation; he is entitled to recover in this proceeding. Use and occupation lies upon an express or implied contract. (2 *Saund. Plead. & Evid.* 487, 891.) Satisfaction for use and occupation of lands by permission of a person, without demise by deed or contract under seal for the rent, may be recovered in an action of assumpsit. (*Dig.* 365.) This land was sold March 7, 1844, and purchased by Jacob Charles, under whose conveyance Stayton acquired all the rights which Charles had.

*Layton,* for defendant.—If land be sold at sheriff's sale, and there be a tenant, the purchaser recovers his proportion. But here the widow was in possession, and for ought that appears in this case, she was entitled to dower. There cannot therefore, be any implied promise on her part to pay rent. We never agreed to pay rent, or held as tenant. The plaintiff must make out a case here consistent with the act of assembly. (*Dig.* 361.) Distress lies only for a sum

certain, fixed by agreement of the parties. Under the act of assembly, the plaintiff can take out the attachment only in cases where the rent is certain, and for which a distress lies. Where there is merely an implied promise on which assumpsit for use and occupation lies, no distress can be had; and therefore, in such case the plaintiff cannot proceed by attachment. Plaintiff has not shown to what rent he is entitled, to what share, or what proportion, or who is entitled to the rent prior to the sale, and up to the day of sale.

*Cullen.*—The plaintiff is entitled to a compensation for the occupation of his land. The defendant acknowledged she owed rent on the 1st of January, 1845. We claim one year's rent because defendant was in the occupation of the land from January 1, 1844, to January 1, 1845. If Matilda Morris occupied these premises, and there was a demise express or implied, the plaintiff is entitled to recover; and as the value of the land is proved to have been $70 or $80 per annum, the plaintiff is entitled to recover that amount, or his proportion of it. The affidavit of the plaintiff has been given in evidence by the defendant and therefore it is evidence for all that is contained in it. It states a certain rent of $80. Defendant paid part of rent, delivered brandy, and the grain she would not deliver until the 1st of January, 1844. Plaintiff could have turned defendant out of possession by applying for a writ of possession at the October term, 1844, but did not do so. The inference is that she agreed to pay him rent.

BOOTH, *Chief Justice*, charged the jury.—1. What are the rights which a purchaser at sheriff's sale acquires? Whatever title the defendant has in the land passes to the purchaser. He is also entitled to rent from the day of sale. The act of assembly provides, (*Dig.* 213,) " In any case of sale as aforesaid, the purchaser shall be entitled to rent for the premises sold, from the day of sale; if such premises be in possession of a tenant under rent, such rent shall be apportioned according to the time; the proportion for the time the rent has been growing due to the day of sale, being payable to the lessor or his assigns, and the residue to the purchaser; and each party shall have remedy by distress or action for his just proportion; and a purchaser may recover his proportion of rent, although such rent be reserved by deed (as well as rent from the day of sale, in case no rent has been reserved,) by an action of assumpsit for use and occupation." Amos Stayton, therefore, as assignee of Charles, the purchaser at sheriff's sale, became entitled to the land as fully as Constantine Morris held it, and if the land had been in the pos-

session of a tenant, the act of assembly would give him remedy for the rent by distress. Even as against this defendant who was in possession as the widow of Constantine Morris, if she remained in possession, Mr. Stayton would be entitled to a reasonable rent, and could recover it in an action for use and occupation. But in regard to the remedy by distress, or the special remedy under the ninth section of the act concerning landlords and tenants, by way of attachment, the relation of landlord and tenant must exist by a *demise* for a *certain* rent. If then it is not proved that there was such a demise in this case, by which Mrs. Morris became the tenant of Mr. Stayton, under an agreement to pay a certain rent, Mr. Stayton was not entitled to the remedy by attachment, and cannot succeed in this issue.

If the relation of landlord and tenant exists at a certain rent, the verdict will be for plaintiff for that sum; if the relation does not exist, the verdict will be for defendant; if it does exist but no certain rent agreed on, the jury had better find a special verdict.

The jury found a verdict for plaintiff for $22.

Motion was afterwards made "in arrest of judgment and that the court enter judgment for defendant, non obstante veredicto," for these reasons: 1. That the verdict was against the evidence. 2. That it was against the law. 3. That it was against the charge of the court. This motion was refused on the ground that there was no matter on the record on which the motion could act. A motion for a new trial was then made on the same grounds and refused.

*Cullen,* for plaintiff.

*Layton,* for defendant.